Argued and submitted November 26, 1985, remanded with instructions; otherwise affirmed April 23, 1986

STATE OF OREGON,
*Respondent,*

*v.*

JIMMIE COLLEEN HOUCHINS,
*Appellant.*

(10-84-03953; CA A34712 (Control))

STATE OF OREGON,
*Respondent,*

*v.*

BILLY DON MASSEY,
*Appellant.*

(10-84-03956; CA A34713)
(Cases consolidated)

717 P2d 665

Robert J. McCrea, Eugene, argued the cause for appellants. With him on the briefs was McCrea, P.C., Eugene.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P .J.

## RICHARDSON, P. J.

In these consolidated appeals, each defendant appeals a conviction for manufacture of a controlled substance and two convictions for possession of controlled substances. The court "merged" the two possession counts into the conviction for manufacture of a controlled substance, and each defendant was sentenced on only one charge.

Defendants contend that their motions to suppress evidence seized pursuant to a search warrant should have been allowed. In executing the search warrant, law enforcement officers seized several marijuana plants, which were growing in the garage of defendants' house, some cocaine and approximately $6,500 in currency.

■ The state concedes that the currency was seized in violation of ORS 133.585. Although the police had probable cause to believe that a large sum of money would be on the premises, no currency was listed in the warrant. With the exception of the currency, we conclude that the motions to suppress were properly denied. The court, however, did err in not suppressing the currency as evidence and in declining to return it to defendants.

■ Even though the court erred in not suppressing the currency, we conclude that the error was harmless beyond a reasonable doubt. Following denial of their motions to suppress, both defendants proceeded to trial on stipulated facts, which included the existence of at least 18 growing marijuana plants in the garage. There is overwhelming evidence to support the convictions, and it is highly unlikely that the result would be different if the evidence of the currency had been excluded.

Remanded with instructions to grant defendants' motions for return of the currency; otherwise affirmed.